

FILED by ___ D.C.
JUL 29 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. of FLA. – MIAMI

Kevin P. Brennan, *pro se*
FCI - Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Docket |
| | ) | |
| Plaintiff / Respondent | ) | No. 12-CR-60064 |
| | ) | |
| vs. | ) | |
| | ) | |
| **KEVIN P. BRENNAN,** | ) | |
| | ) | |
| Defendant / Movant | ) | |

### MOTION TO RESTATE INTENDED LOSS CALCULATION
### AND OTHERWISE CHALLENGING SENTENCE IMPOSED

**Relief Sought.**

1. Defendant Kevin Brennan moves this Court pursuant to **28 U.S.C. § 2255** for an order to restate the government's calculation of intended loss, and to amend the length of defendant's sentence based on the restatement of the intended loss.

**Grounds for the Motion.**

2. Judgment was entered against defendant Kevin Brennan in the U.S. District Court for the Southern District of Florida on **February 21, 2013.** Defendant Brennan was adjudicated guilty of securities fraud and received a sentence of imprisonment for a term of 75 months.

3. The government's calculation of the amount of the intended loss was a significant enhancement to the length of sentence imposed. The government relied in this regard on a statement defendant Brennan made to a government cooperating witness such that the company was attempting to raise $500,000. The government thereafter stated that this amount was the "intended loss." This, in turn, increased the length of defendant's imprisonment from a maximum of 18 months to 75 months.

4. There was never an actual underlying loss in this case.

5. The government did not reduce the $500,000 amount in its determination of intended loss by giving consideration to the value of the shares of stock the government would have purchased in the market.

6. The applicable sentencing guidelines state that "[t]he estimate of loss shall be based on available information, taking into account, as appropriate and practicable under the circumstances, factors such as the following . . . (v) [t]he

reduction that resulted from the offense in the value of equity securities . . . ." **18 U.S.C. Appx. § 2B1.1 at Application Notes ¶ 3(C)(v).**

7. The Second Circuit stated in <u>United States v. Sash</u>, 396 F.3d 515, 522-523 (2d Cir. 2005) that commentary in the guidelines is authoritative as to the meaning of the guidelines if it interprets a guidelines term and is not inconsistent with the guidelines text, the Constitution, or federal law.

8. There was no reduction in the value of the $4,700 of common stock of the company that the government purchased from defendant Brennan's co-defendant in the market. The government presented no evidence at trial that the government would ever have suffered a reduction in value were it able to purchase additional shares.

9. The government neither considered the actual value of the stock at issue nor sufficiently proved what the actual value of that stock was. But such value must be recognized. *See, e.g.,* <u>U.S. v. Manas</u>, 272 F.3d 159, 165 (2d Cir. 2001) where the court quotes from an example in the guidelines applicable at the time:

> Where, for example, a defendant fraudulently misrepresents that the stock is worth $40,000 and the stock is worth only $10,000, the loss is the amount by which the stock was over valued (*i.e.* $30,000).

10. There is no question it is "the government that bears the burden of proof on the facts underlying the sentence enhancement. . . . Further, where an extremely disproportionate sentence results from the application of an enhancement, the government may have to satisfy a 'clear and convincing' standard." U.S. v. Zolp, 479 F.3d 715, 718 (9th Cir. 2007). *See also* U.S. v. Ameline, 409 F.3d 1073, 1086 (9th Cir. 2005) (*en banc*) as to burden of proof. A court thus may not assume that the loss inflicted equals the full pre-disclosure value of the stock. Zolp, 479 F.3d at 719. Furthermore, "such [intended loss] calculation may not be mere speculation, and the government bears the burden of supporting its loss calculation with reliable and specific evidence." U.S. v. Gupta, 436 F.3d 1182, 1200 (11th Cir. 2006). This is why a district court "must make factual findings sufficient to support the government's claim of the amount of fraud loss attributed to a defendant in a PSI." *Id.*

11. The case law is also replete with examples where - unlike in this instance - the *value* of the publicly traded shares were *deducted* in determining the loss. *See, e.g.,* U.S. v. Jenkins, 633 F.3d 788 (9th Cir. 2011); U.S. v. Marguilies, 2010 U.S.Dist. LEXIS 57218 (E.D.Pa. 2010); U.S. v. Grabske, 260 F.Supp.2d 866 (N.D.Cal. 2002); and U.S. v. Bakhit 218 F.Supp.2d 1232 (C.D.Cal. 2002). Accordingly, the value of the shares the government presumably purchased should have been deducted from the purchase price to determine the

loss, were any to have existed.

12. Moreover, there also could be no loss in this instance because there was no evidence of any fraudulent increase in the share price.

13. The offense level in this matter should be reduced to somewhere between 12 and 18 months in the absence of the obligatory loss enhancement. Defendant Brennan has served 17 months as of July 21, 2014. The defendant is now being compelled to serve a sentence in excess of the proper sentence.

THEREFORE defendant/movant **Kevin P. Brennan** respectfully prays that this Honorable Court grant the relief sought herein and release the defendant.

Respectfully submitted,

Kevin P. Brennan

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the within **Motion for Release** by first call United States postage prior to 5 p.m. upon the following counsel this 21st day of July, 2014:

**Wilfredo Ferrer**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL 33132-2111

**Kathleen Salyer**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL 33132-2111

**Nicole Mariani**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL 33132-2111

**John Shipley**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL 33132-2111

By: _____
Kevin P. Brennan



Kevin P. Brennan
FCI - Morgantown
P.O. Box 1000
Morgantown, WV 26507-1000

TO:
United States District Court for the
Southern District of Florida
Office of the Clerk of Courts
400 North Miami Avenue
Miami, FL 33128

U.S. INSPECTED