Kevin P. Brennan, pro se
FCI - Morgantown
P.O. Box 1000
Morgantown, WV   26507-1000



FILED by SAS D.C.

JAN 09 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Docket |
| | ) | |
| Plaintiff / Respondent | ) | No.   12-CR-60064 |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN P. BRENNAN, | ) | |
| | ) | |
| Defendant / Movant | ) | |

## NOTICE OF AUTHORITY

1.   Kevin Brennan on his own behalf, respectfully submits this Notice of Authority. On November 5, 2014, the First Circuit Court of Appeals issued its ruling in US v. Prange case nos. 13-2262 & 13-2328 (1st Cir. Nov. 5, 2014). It held that the District Court procedurally erred when formulating the defendants guideline sentencing range.

2. The Court of Appeals found that the District Court failed to determine the value of restricted shares in calculating the loss. The Appeals Court stated that "there was a strong likelihood that the court based defendants amount of loss enhancements on an erroneous legal ground rather than a possible unspoken factual determination".

3. In the defendant's case, the Court did not consider any value for the shares the government bought in the market. The Court, neither valued the free trading shares that would have allegedly been bought in the market, nor the free trading shares that would have allegedly been paid to the nonexistent broker, although, no shareholders were ever identified as the persons who would have provided these shares. ( neither the defendant nor the company possessed any free trading common stock).

4. The intended loss attributed to the defendant, (there was no actual loss), without any consideration for the shares purchased or paid as described above, caused a significant enhancement to the sentencing guidelines. Without this enhancement the sentence range would have been 12-18 months. The defendant will have served by January 21, 2015, twenty two months in prison.

THEREFORE defendant/movant Kevin P. Brennan respectfully requests immediate release.

Respectfully submitted,

*Kevin P Brennan* (signature)

Kevin P. Brennan

## Certificate of Service

I hereby certify that I served a true and correct copy of the within Motion for Release by first call United States postage prior to 5p.m. upon the following counsel this 7th day of January, 2015:

**Wilfredo Ferrer**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL   33132-2111


**Kathleen Salyer**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL   33132-2111


**Nicole Mariani**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th St.
Miami, FL   33132-2111


**John Shipley**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th St.
Miami, FL   33132-2111


By: _____