Kevin P. Brennan, pro se
FCI - Morgantown
P.O. Box 1000
Morgantown, WV   26507-1000

FILED by __PG__ D.C.

MAY 18 2015

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Docket |
| | ) | |
| Plaintiff / Respondent | ) | No.   12-CR-60064 |
| | ) | |
| vs. | ) | |
| | ) | |
| **KEVIN P. BRENNAN,** | ) | |
| | ) | |
| Defendant / Movant | ) | |

MOTION FOR REVERSAL OR NEW TRIAL

Relief Sought:

Defendant Kevin Brennan moves this honorable court to reverse the decision reached in his trial for securities fraud, or at the least grant a new trial.

Grounds:

During the trial the prosecution's witnesses made the following statements to the jury as a result of questioning by the prosecutor:

EXAMPLE 1. Witness Epstein

Prosecutor: And in your experience is a stockbroker generally supposed to get a kickback for buying shares on behalf of his client?

Epstein: No that's illegal

EXAMPLE 2. Witness Huggins

Prosecutor: At the time Mr. Page described the deal to you, what did you think about the legality of the deal?

Huggins: I thought it was illegal, but we talked about the deal that Page had presented and I told Mr. Brennan you can't go pay a broker, it's illegal.

Prosecutor: Ultimately were you -- did you have conversations with Mr. Brennan about moving forward with that very same illegal deal?

EXAMPLE 3. Witness FBI Agent Sputo

Prosecutor: At any point does Kevin Brennan say I don't want to do the market buying program because it sounds illegal?

Sputo: No.

EXAMPLE 4. Prosecutor's closing argument.

Prosecutor: Mr. Huggins, who testified, said the deal was illegal. And he said the deal was illegal because it was illegal. You can't pay the broker.

In addition, as part of the response to the defendants 2255 motion filed on July 29, 2014 the prosecutor wrote the following:

Mr. Brennan agreed to make an illegal bribe to induce a stockbroker to purchase OPTZ funds, with his client's money.

First, once again the prosecutor uses inflammatory language to support his statements. A kickback is defined as the return of one's compensation. The prosecutor is well aware that, the government, in the scheme it devised, required that the fee paid the broker for buying stock in the market, be paid with "free trading" shares. Free trading shares are defined as shares held by the owner of the stock for more than six months from receipt. The prosecutor knows that the defendant owns no shares of common stock and the company cannot issue "free trading" shares. The only individual who could pay the broker would be an unidentified shareholder who has "free trading" shares of OPTZ stock and is willing to give them to the broker. This of course could not be a "kickback" since the shares were not derived from the transaction. If there was another shareholder willing to participate in the government's scheme by sending his shares to the broker there would still not be a crime.

It is not illegal to pay a broker to buy stock in the market. The prosecutor repeatedly asked his witnesses to say the payment to the broker was illegal, but he never cited a law or regulation, because there are none. There is no law nor SEC regulation against this. The prosecutor through his witnesses and also in his own closing statement made statements to the jury emphasizing the illegality of the fee paid the broker thereby tainting the jury. He did this despite knowing it was not an illegal act. He purposefully 1mislead the jury and tainted the proceedings to earn himself a conviction.

To emphasize the point, most importantly, it is not illegal to pay a fee or bonus commission to a broker to buy shares in the market. The Court of Appeals for the ninth circuit in US v. Laurienti stated brokers sometimes receive additional compensation on client purchases of particular securities products. The disclosure of bonus commissions is not required by any law and is not criminal conduct. In US v. Skelly the Court of Appeals for the second circuit stated that there is no SEC rule that requires the registered representatives that deal with the customers to disclose their own compensation whether pegged to a particular trade or otherwise. The only issue is between the broker and his client as to disclosure. The payer of the fee is not involved in these disclosure matters.

In an op-ed printed in the Wall Street Journal under the heading The

Intelligent Investor, Jason Zweig wrote, "By law, investment advisor's - the people who run mutual funds, for example, along with some, but not all financial planners, have a "fiduciary duty" to act in the best interests of clients and seek to avoid conflicts of interest".

Stockbrokers, insurance agents, and other financial sales people need only ensure that investments are "suitable" for a client's needs and ability to with stand risk.

The Dodd-Frank financial regulatory law of 2010 required the SEC to study the issue, but didn't mandate a particular conclusion. Choosing between two investments similar in all respects except costs, a fiduciary should recommend the cheaper one, rather than the one that would pay him the higher fee. A broker on the other hand, may recommend the one that generates the higher fees for himself or his firm.

Through out the trial the prosecutor knew that the defendant had not committed a criminal act. He knew that the act of paying a broker to buy company shares in the market was not a crime. He knew that the only issue as to whether the broker committed an unethical act was based on the relationship the broker had with his clients. This of course did not involve the defendant. The issue of whether or not the broker had any fiduciary relationships with his clients could never be answered because neither

existed. But what type of relationship there might have been had nothing to do with the defendant.

It took the defendant 8 months after the trial to find this out. The government appointed attorney who represented the defendant, apparently never knew! The FBI Agent, surely knew the law, yet apparently ignored the law to obtain an arrest. The WSJ stated in an editorial criticizing prosecutor Preet Bhorara on 3/30/15, prosecutors enjoy awesome powers and immunity from their conduct and this means they are seldom held accountable for misconduct. In the defendant's trial, the prosecutor knew it was not a crime to pay a broker. It became apparent when the prosecutor dwelled on the definition of a discretionary account during the cross examination of the defendant. As far back as the indictment process the prosecutor knew their was no crime committed by the defendant yet he pushed through a trial of misinformation and innuendo to outright lies in order to get a conviction. The defendant has lost over three years of his life as a result of this egregious conduct.

As a result of the above discovery of the non-criminal nature of the paying of a broker to buy shares in the market, the defendant respectfully requests that the court moves for either a reversal or a new trial. It is apparent the jury was misinformed by the testimony and the defendant's fifth

amendment right to due process was not enforced.

Therefore the defendant respectfully prays that this honorable court grant the relief sought herein.

*Kevin Brennan*

May 15, 2015
Kevin Brennan

Certificate of Service

I hereby certify that I served a true and correct copy of the within Motion for Release by first call United States postage prior to 5p.m. upon the following counsel this 15th day of May, 2015:

**Wilfredo Ferrer**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL   33132-2111

**Kathleen Salyer**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th Street
Miami, FL   33132-2111

**Nicole Mariani**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th St.
Miami, FL   33132-2111

**John Shipley**
OFFICE OF THE UNITED STATES ATTORNEY
99 N.E. 4th St.
Miami, FL   33132-2111

By: _[signature]_

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL ★

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$5.75

Origin: 15143
3.70 oz.
May 15, 15
4175920292-11
1020

PRIORITY MAIL® 2-DAY

Expected Delivery Day: 05/18/15

USPS TRACKING NUMBER



9505 5111 2571 5135 3632 42

0001000014    EP14F July 2013
              OD: 12.5 x 9.5

PRIORITY MAIL ★

FROM:
Kevin Brennan
FCI-Morgantown
PO Box 1000
Morgantown, WV
26507-1000

TO: United States District
Court for Southern
of Florida
Office of Clerk of Court
400 North Miami A
Miami, FL 331

Label 228, July 2013          FOR DOMESTIC AND INTERN

USMS INSPECTED
By _____

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE